Argued and submitted November 21, 1994, affirmed February 15, 1995

## FRIENDS OF THE COLUMBIA GORGE,
*Petitioner,*

*v.*

## COLUMBIA RIVER GORGE COMMISSION
and Young's Explosives, Inc.,
*Respondents.*

(C92-0072-H-G-15; CA A82213)

889 P2d 1303

Gary K. Kahn argued the cause for petitioner. With him on the brief was Reeves, Kahn & Eder.

Lawrence Watters, Counsel, Columbia River Gorge Commission, argued the cause for respondent Columbia River Gorge Commission. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General.

Teunis Wyers argued the cause and filed the brief for respondent Young's Explosives, Inc.

Before Warren, Presiding Judge, Richardson, Chief Judge, and Edmonds, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Petitioner seeks review of the Columbia River Gorge Commission's (Commission) decision approving the installation of an explosive storage facility on forest land in the National Scenic Area. We affirm.

Although characterized by petitioner in legal terms, the first of its two assignments ultimately turns on a finding of fact by the Commission, which was supported by substantial evidence in the whole record. We reject the assignment without further discussion.

■   In its second assignment, petitioner contends that the Commission erred by failing to find that the proposed facility would convert forest land to a commercial use, in contravention of 16 USC § 544d(d)(2) and Chapter III, Part C.2.a., of the Commission's Final Interim Guidelines. The statutory provision requires the Guidelines to "protect and enhance forest lands for forest uses and to allow, but not require, conversion of forest lands to agricultural lands, recreation development or open spaces." Paragraphs 2) and 3) of the Guidelines section provide:

"2)   Conversion of forest land to agricultural land, recreation development, or open space is consistent with the [Columbia River Gorge National Scenic Area] Act where such conversion will protect and enhance the scenic, cultural, recreation, and natural resources of the area. Conversion to other uses is inconsistent with the Act.

"3)   Use of forest lands for other compatible uses while retaining the potential to carry out forest practices is consistent with the Act where it will protect and enhance the scenic, cultural, recreation, or natural values, and the use will comply with the appropriate land use guidelines in this chapter."

The Commission found, *inter alia:*

"7.   The proposed explosives storage facility will require the use of approximately 9 acres of land or one-third of the subject parcel. Because of the steep slopes of the subject parcel, more land would need to be dedicated for the retention of screening trees to protect scenic resources * * *.

"8.   The proposed explosives storage facility is not a typical commercial use * * *. The proposed use would replace a

similar use currently located on a parcel adjoining the subject parcel to the west. The parcel on which the existing facility is located is also forest land. According to Mr. Young's testimony, an explosives storage facility has been located at the present site for 60 years. In that time, there has been no evidence that the use i[s] not compatible with forest practices in the area."

It then concluded:

"While a portion of the subject parcel will be dedicated to the proposed use, it will still principally be retained as forest land. Additionally, the proposed commercial development would be compatible with forest use of the subject parcel and the surrounding area. Therefore, the approval of the proposed explosives storage facility would not convert forest land."

The thrust of petitioner's argument is that "Congress intended active forest practices to occur" in the Gorge area "and did not intend to allow a portion of the parcel to be cleared and developed for a non-forest use, with the remainder of the parcel left in its natural state." Petitioner posits further that "it is admitted [that] the parcel will be taken out of forest production by this use," and that, without more, "is a conversion of forest land to a commercial use, which is prohibited by the Guidelines and the Act."

Petitioner's argument seems to equate *conversion* with the allowance of any commercial *non-forest use*. However, the plain language of the quoted Guideline provisions is inconsistent with the view that the two are necessarily equivalent. Paragraph 2) prohibits conversion to uses other than those of specified kinds, which do not include the one in question; paragraph 3), on the other hand, allows other compatible uses to be conducted if, *inter alia*, "the potential to carry out forest practices" is retained.

■    In sum, the Guidelines differentiate between conversion of forest lands and their use for non-forest purposes if the potential for forest use is preserved. The Commission concluded that the proposal in question comes within the latter category. Petitioner offers no basis for rejecting the Commission's conclusion that does not depend on its incorrect misunderstanding that the Guidelines do not establish such a category.

Affirmed.